UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-61682-COHN/Seltzer

LOIGIS ETIENNE, JEAN PATRICK
MOISE, and LIROY GUERRIER,

        Plaintiffs,

vs.

HANG TOUGH, INC., d/b/a
POMPANO HONDA, a Florida
corporation

        Defendant.
_____/

**ORDER DENYING MOTION TO COMPEL ARBITRATION**
**ORDER DENYING AS MOOT MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Hang Tough, Inc., d/b/a

Pompano Honda's Motion to Dismiss and to Compel Arbitration as to Plaintiff, Lirory

[sic] Guerrier [DE 5/6] ("Motion") and Motion to Dismiss as to Plaintiffs Loigis Etienne

and Jean Patrick Morse [DE 4].  The Court has carefully considered the Motions,

Responses [DE 17 and 18], and proposed Amended Complaints [DE 19 and 20].[1]  and

is otherwise duly advised in the premises.

I.  BACKGROUND

Plaintiff Liroy Guerrier ("Plaintiff"), along with Loigis Etienne and Jean Patrick

Moise, commenced this action by filing a Complaint [DE 1] on October 20, 2008.

Plaintiffs alleges that Defendant Hang Tough, Inc., d/b/a Pompano Honda

_____

[1]  Defendant has failed to file a Reply and the deadline for filing a Reply has
passed.

1

("Defendant") engaged in a pattern of unlawful discriminatory conduct and harassment based on their race, ancestry and/or ethnicity in violation of 42 U.S.C. §1981. Defendant moved to dismiss the claims in two motions: first, that Plaintiffs Etienne and Moise failed to state a claim, and second, that Plaintiff Guerrier's claim must be compelled to arbitration.  Plaintiffs filed Amended Complaints that fix the alleged pleading deficiencies as to all Plaintiffs, leaving the arbitration issue to be resolved by the Court.

In connection with his employment, Defendant asserts that Plaintiff Guerrier received a copy of the Pompano Honda Employee Handbook (the "Handbook"; Motion, DE 5-2, Exhibit A, p. 2) that contains an agreement to arbitrate.  Defendant also asserts that Plaintiff executed an Acknowledgment of Receipt of Employee Handbook, dated June 19, 2006 (the "Acknowledgment"; Motion, DE 5-2, Exhibit B, p. 30).[2]

_____

[2] The Pompano Honda "Acknowledgment of Receipt of Employee Handbook" provides:

> This will acknowledge that I have received my copy of the Pompano Honda Employee Handbook and that I will familiarize myself with its contents, and I agree to follow its policies and procedures.

> I understand that this Handbook represents only the current policies, regulations, and benefits, and that it does not create a contract of employment. Regardless of what the Handbook states or provides, the Dealership retains the right to add, change or delete wages, benefits, policies and all other working conditions without obtaining any person's consent or agreement.

> I UNDERSTAND THAT I HAVE THE RIGHT TO TERMINATE MY EMPLOYMENT AT ANY TIME, WITH OR WITHOUT CAUSE OR NOTICE, AND THAT THE DEALERSHIP HAS THE SAME RIGHT.  I FURTHER UNDERSTAND THAT MY STATUS AS AN AT-WILL EMPLOYEE MAY NOT BE CHANGED EXCEPT IN WRITING SIGNED BY THE PRESIDENT OF THE DEALERSHIP.

Defendant seeks to compel Plaintiff[3] to arbitrate his claims based on the Handbook's arbitration provision.  Plaintiff argues that there is no agreement to arbitrate because "[t]he Employee Handbook materials which Defendant provided to the undersigned to review makes no mention that employees waive their rights to litigate claims in the Federal or State Court systems or that the Employer requires Arbitration in lieu of lawsuits" and that "the undersigned's review of the contents of the Employee Handbook has not found any provisions addressing Arbitration."  (Plaintiff's Response, DE 18, ¶¶ 3-4).[4]

## II.  DISCUSSION

The provisions of the Federal Arbitration Act ("FAA"), 9 U.S.C. §1 et seq., establishes a federal policy in favor of arbitration.  Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987).   Pursuant to the FAA, a written arbitration provision in a "contract evidencing a transaction involving commerce" is "valid,

---

(Acknowledgment, DE 5-2, p. 30).

[3]  The Motion to compel arbitration was filed only against Plaintiff Liroy Guerrier and not against the remaining plaintiffs, Loigis Etienne and Jean Patrick Moise.

[4]  The Court notes that the Handbook, attached as Exhibit A to the Motion, is missing pages 6-7.  According to the Handbook's table of contents, page 6 contains the "Handbook Policy Dispute Resolution."  Attached to the Motion as Exhibit C are pages that are numbered 6 and 7 that Defendant identifies as the "Defendant's Dispute Resolution policy" contained in the Handbook  (Motion, DE 5, p. 4).

It is not clear whether Plaintiff is arguing that the Handbook does not contain an agreement to arbitrate because pages 6-7 of the Handbook are missing.  However, Plaintiff has not challenged the authenticity of the Handbook or the Exhibit C pages.  Therefore, the Court will assume for purposes of this Motion that the Handbook contains the pages set forth in Exhibit C.

irrevocable, and enforceable, save upon such grounds as exist at law or in equity for

the revocation of any contract."  9 U.S.C. §2.  However, the FAA does not "require

parties to arbitrate when they have not agreed to do so."  Paladino v. Avnet Computer

Technologies, Inc., 134 F.3d 1054, 1057 (11th Cir. 1998)(citation omitted).

In ruling on a motion to compel arbitration, a court will consider  (1) whether an

enforceable written agreement to arbitrate exists, (2) whether the issue is arbitrable and

(3) whether the party seeking arbitration has waived the right to arbitrate.  Sims v.

Clarendon National Insurance Co., 336 F.Supp.2d 1311, 1327 (S.D. Fla. 2004).

General principles of contract law are applied to determine whether there is an

enforceable agreement to arbitrate.  Caley v. Gulfstream Aerospace Corp., 428 F.3d

1359, 1367-68 (11th Cir. 2005)(rejection of a "knowing and voluntary standard" on

issue of enforceability of arbitration agreements).  Florida contract law will be applied to

decide whether there exists an enforceable agreement to arbitrate between Plaintiff

and Defendant.  Caley, 428 F.3d at 1368.

Both Florida state courts and federal courts interpreting Florida law agree that

employee handbooks and manuals are generally not considered enforceable contracts:

> It is well established Florida law that policy statements contained in employment
> manuals do not give rise to enforceable contract rights in Florida unless they
> contain specific language which expresses the parties' explicit mutual agreement
> that the manual constitutes a separate employment contract.

Vega v. T-Mobile USA, Inc., -- F.3d --, 2009 WL 910411 at *11 (11th Cir. April 7, 2009),

quoting Quaker Oats Co. v. Jewell, 818 So.2d 574, 576-77 (Fla. 5th DCA 2002).[5]

---

[5]  Accord Caster v. Hennessey, 727 F.2d 1075,  (11th Cir. 1984)(grievance
procedure in employee manual could not serve as basis for breach of contract claim);

However, if a handbook expressly provides that an employee's employment would be deemed acceptance of the company's arbitration policy, a court may conclude that an enforceable agreement to arbitrate exists.   Pope v. Munroe Regional Medical Center, No. 5:04-CV-508-Oc-10GRJ, 2005 U.S. Dist. LEXIS 45871 at **7-8 (M.D. Fla. August 2, 2005).

In the absence of an enforceable arbitration agreement in an employee handbook, Florida courts have focused on the language used in the acknowledgment form that documents an employee's receipt of an employment handbook to decide whether the acknowledgment is a binding agreement to arbitrate.  Where an acknowledgment form expressly contains arbitration language,  courts have compelled arbitration.[6]  In Owens v. Brookwood Medical Center of Tampa, Inc., No. 95-1938-Civ-

---

LaRocca v. Xerox Corp., 587 F.Supp.1002 (S.D. Fla. 1984)(no contractual right to disability benefits set forth in policy manual); Owens v. Brookwood Medical Center of Tampa, Inc., No. 95-1938-Civ-T-25(B), 1996 U.S. Dist. LEXIS 8400 at *2 (M.D. Fla. March 21, 1996)("arbitration provision in Defendant's handbooks are not binding").

[6] Defendant argues that "arbitration provisions contained in employee handbooks are binding and enforceable." (Motion, DE 5, p. 5).  Instead of supporting Defendant's argument, the cases cited by Defendant highlight the Pompano Honda Acknowledgment's deficiency because in contrast to the documents considered in the Defendant's cited cases, the Acknowledgment signed by Plaintiff is silent on arbitration.

In each case cited by Defendant, the employee had signed a document that expressly contained arbitration language.  Russo v. Suncore Industries, Inc., No. 08-60394-CIV, 2008 U.S. Dist. LEXIS 46052 (S.D. Fla. June 12, 2008) (plaintiff employee "signed a copy of the Employee Handbook, which contains an arbitration clause."); KFC National Management Co. v. Beauregard, 739 So.2d 630 (Fla. 5th DCA 1999) (plaintiff signed transfer application that contained arbitration agreement); Gadsden Budweiser Distributing Co. v. Holland, 807 So.2d 528 (Ala. 2001) ("Acknowledgment of Receipt of Employee Handbook" expressly included the arbitration agreement that was printed in capital letters).

T-25(B), 1996 U.S. Dist. LEXIS 8400 (M.D. Fla. March 21, 1996), the District Court for

the Middle District of Florida granted a motion to compel arbitration based on an

acknowledgment form that expressly conditioned plaintiff's employment on an

agreement to arbitrate:

> The Court concurs with Plaintiff's view that the arbitration provision in
> Defendant's handbooks are not binding.  However ... [b]y signing the
> acknowledgment containing this [arbitration] provision, Plaintiff accepted
> arbitration as a condition of her continued employment with AMI.  This
> acknowledgment is a written agreement contemplated by 9 U.S.C. §3.

Owens, 1996 U.S. Dist. LEXIS 8400 at ** 1-2.

Similarly, in Lemmon v. Lincoln Property Co., 307 F.Supp.2d 1352, 1354-55

(M.D. Fla. 2004), the District Court for the Middle District of Florida compelled

arbitration where the "Employee Handbook Acknowledgment and Agreement to

Arbitrate" form expressly set forth the plaintiff's agreement to arbitrate.  Judge Antoon

cited with approval the reasoning of the Eighth Circuit decision, Patterson v. Tenet

Healthcare, Inc., 113 F.3d 832 (8th Cir. 1997), that "found that even though the

handbook was not a contract, the arbitration language in the acknowledgment formed a

binding contract."  Lemmon, 307 F.Supp.2d at 1355.

Alternatively, Florida courts will find in favor of an enforceable agreement to

---

The Defendant's cited cases also fail for other reasons.  The Russo case is of
limited persuasion because the issue before the court was not the existence of an
agreement to arbitrate but rather, whether it was unenforceable because of its fee
provision.  The KFC case is also of limited persuasion because the opinion does not
quote the language of the "Acknowledgment of Receipt," and it is not clear from the
opinion whether the acknowledgment contained any arbitration language.
Nevertheless, the court's holding was also based on the plaintiff's signed transfer
application that expressly contained an agreement to arbitrate.

---

arbitrate if the acknowledgment incorporates by reference the arbitration policy

contained in an employee handbook.  World Rentals and Sales, LLC v. Volvo

Construction Equipment Rents, Inc., 517 F.3d 1240, 1254 (11th Cir. 2008).  In World

Rentals, the Eleventh Circuit cited Kaye v. Macari Building & Design, Inc., 967 So.2d

1112 (Fla. 4th DCA 2007), as authoritative Florida law for applying the incorporation by

reference principle to arbitration cases.  The Florida state court stated:

> The doctrine [of incorporation by reference] requires that there must be some
> expression in the incorporating document ... of an intention to be bound by the
> collateral document.  A mere reference to another document is not sufficient to
> incorporate that other document into a contract, particularly where the
> incorporating document makes no specific reference that it is 'subject to' the
> collateral document.

Kaye, 967 So.2d at 1113 (citation omitted).  Furthermore, "an arbitration clause can be

incorporated even if the relevant incorporation language does not specifically refer to

it." World Rentals, 517 F.3d at 1245.

The Court notes that courts from other jurisdictions have been reluctant to

compel arbitration if the acknowledgment of receipt form is silent on arbitration.[7]  For

---

[7]  E.g., Kummetz v. Tech Mold, Inc., 152 F.3d 1153, 1154 (9th Cir. 1998)("I understand and agree that I am covered by and must abide by the contents of this Booklet."); Nelson v. Cyprus Bagdad Copper Corp., 119 F.3d 756, 761 (9th Cir. 1997)(acknowledgment did not reference the arbitration provision in the handbook and only contained employee's agreement to "read and understand" the handbook); Phox v. Atriums Management Co., 230 F.Supp.2d 1279, 1280 (D. Kan. 2002)(acknowledgment form stated that "I have received the handbook, and I understand that it is my responsibility to read and comply with the policies contained in this handbook and any revisions made to it."); Parker v. Hahnemann University Hospital, No. 00-4173 (JBS), 2001 U.S. Dist. LEXIS 10661 at *4 (D.N.J. June 15, 2001)(plaintiff "acknowledge[s] receipt of the employees handbook and agree[s] to abide by its terms" but failed to sign second acknowledgment that expressly referred to arbitration.); Walker v. Air Liquide America Corp., 113 F.Supp.2d 983, 985-86 (M.D. La. 2000)("I hereby acknowledge that I have received a copy of the Air Liquide America Corporation Handbook.  I understand

example, in Carfagno v. Ace, Ltd., No. 04-6184 (JBS), 2005 U.S. Dist. LEXIS 12614

(D.N.J. June 28, 2005), the District Court of New Jersey refused to compel arbitration

and stated:

> In this case, the only tangible piece of the employee guide which Plaintiffs were
> required to print was the "Receipt and Agreement" form, which did not mention
> arbitration.  Had ACE American included language on the "Receipt and
> Agreement" form that made employees aware that by signing they were waiving
> their right to sue, this case could have a different outcome.

Id. at 2005 U.S. Dist. LEXIS 12614 at *33.

Based on the foregoing decisions, this Court concludes there is no enforceable

agreement to arbitrate in the Handbook or the Acknowledgment.[8]  First, the terms of the

Handbook specifically disclaim the creation of any contractual relationship between

Defendant and its employees.  The Handbook states that it is "only a summary of the

employee benefits, personnel policies, and employment regulations" and it "should not

be construed as creating any kind of employment contract."  (Motion, DE 5-2, p. 4).

The Handbook's arbitration provision also does not state that Plaintiff's employment

---

that I am responsible for reading this Employee Handbook.").

In deference to the Eleventh Circuit Caley decision that rejected a "knowing and voluntary" standard for evaluating arbitration agreements, the Court is not applying or otherwise adopting the "knowing standard" of the Ninth Circuit.  As more particularly set forth herein, the Pompano Honda Acknowledgment fails as an enforceable agreement to arbitrate because it disclaimed the contractual nature of the Handbook, it contains no arbitration language and there was no incorporation by reference of the Handbook's arbitration provision.

[8]  Having concluded that there exists no enforceable agreement to arbitrate, the Court declines to address Plaintiff's other arguments, e.g., failure of Plaintiff to read the Handbook, misleading title of the acknowledgment form, arbitration policy being "buried" in the Handbook and absence of express waiver of rights.

would be deemed acceptance of the Defendant's arbitration policy.  Caley, 428 F.3d at 1374-76 (Georgia case involving dispute resolution policy manual); Pope, 2005 U.S. Dist. LEXIS 45871 at **7-8 (Florida case involving dispute resolution guidebook); cf. Owens, 1996 U.S. Dist. LEXIS 8400 at **1-2 (Florida case involving acknowledgment of handbook).

Second, the Acknowledgment is silent on arbitration and reaffirms that the Handbook is not a contract.  The Acknowledgment expressly states that the Handbook "does not create a contract of employment."  (Motion, DE 5-2, p. 30).

Third, the language in the Acknowledgment that Plaintiff "agree[s] to follow its policies and procedures" does not incorporate the Handbook's arbitration provision into the Acknowledgment.  E.g., World Rentals, 517 F.3d at 1243 ("All schedules, exhibits and other documents ... are hereby incorporated in this Agreement by this reference in their entirety as if fully restated in this Agreement"); Del Orbe v. Royal Caribbean Cruises, Ltd., 549 F.Supp.2d 1365, 1367 (S.D. Fla. 2008) ("I [Plaintiff] understand and agree that the Collective Bargaining Agreement between the Company [Defendant] and the Union is incorporated into and made part of this Employment Agreement and that I and the Company are bound by its terms and conditions").

In St. Augustine Pools, Inc. v. James M. Barker, Inc., 687 So.2d 957. 958 (Fla. 5th DCA 1997), the court examined a subcontract that was "subject to the General Contract" and provided that "Subcontractor acknowledges that he is familiar with the General Contract and the General Conditions thereof and agrees to comply with all applicable provisions thereof."  (emphasis added).  The court concluded that the

9

subcontract did not incorporate by reference the arbitration provisions of the general contract and stated that "the general contract is referenced solely to make the subcontractor aware of its duties and requirements. The subcontractor does not have a duty or requirement to arbitrate any disagreements."[9] Cf. Sharpe v. Lytal & Reiter, Clark, Sharpe, Roca, Fountain, Williams, 702 So.2d 622 (Fla. 4th DCA 1997)(arbitration compelled where a letter agreement provided that Plaintiff would "abide by all of the obligations of a partner" under a partnership agreement except those partnership agreement provisions expressly excluded in the letter).[10]

The Court concludes that there exists no enforceable agreement to arbitrate in either the Acknowledgment or the Handbook. The arbitration provision in the Handbook is not an enforceable agreement to arbitrate and the Acknowledgment does not expressly contain an agreement to arbitrate nor does it incorporate by reference the arbitration provision of the Handbook.

---

[9] The St. Augustine court also considered that the subcontract contained a general litigation provision and that the general contract did not expressly confer on the subcontractor the right to arbitrate.

[10] Although not addressing the issue of incorporation by reference, courts from other jurisdictions that considered language similar to that in St. Augustine have found no agreement to arbitrate in the employment context. E.g., Kummetz, 152 F.3d at 1154 ("I understand and agree that I am covered by and must abide by the contents of this Booklet."); Phox, 230 F.Supp.2d at 1280 ("I have received the handbook, and I understand that it is my responsibility to read and comply with the policies contained in this handbook and any revisions made to it").

## III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    Defendant Hang Tough, Inc., d/b/a Pompano Honda's Motion to Dismiss and to
Compel Arbitration as to Plaintiff, Lirory [sic] Guerrier [DE 5/6] is hereby
DENIED;

2.    Defendant's Motion to Dismiss as to Plaintiffs Loigis Etienne and Jean Patrick
Morse [DE 4] is hereby **DENIED**;

3.    Plaintiff's Amended Complaint [DE 19] is now the operative pleading in this case;

4.    Defendant shall file an Answer to this Amended Complaint by May 8, 2009.

   **DONE AND ORDERED** in the Chambers of Fort Lauderdale, Broward County,

Florida on this 28th day of April, 2009.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of Record

11