UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61682-CIV-COHN/SELTZER

LOIGIS ETIENNE, JEAN PATRICK
MOISE, and LIROY GUERRIER,

    Plaintiffs,

vs.

HANG TOUGH, INC., d/b/a
POMPANO HONDA,

    Defendant.
_____/

<u>ORDER ON MOTION TO COMPEL AND FOR SANCTIONS (DE 28)</u>

THIS CAUSE is before the Court on Defendant's Motion to Compel Discovery and for Sanctions as to Plaintiff, Liroy Guerrier (DE 28) and the Court being sufficiently advised, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part as more fully set forth below.

Plaintiffs Liroy Guerrier, Lioigis Etienne, and Jean Patrick Moise, were employed by Hang Tough, Inc. d/b/a Pompano Honda to clean automobiles at the automobile dealership. On October 20, 2008, they commenced this action, alleging that Defendant engaged in a pattern and practice of unlawful discrimination and harassment based on their race, ancestry and/or ethnicity (Haitian) in violation of 42 U.S.C. § 1981.[1] The extended discovery deadline is July 27, 2009, and the trial is set for the two-week trial period commencing on September 21, 2009.

---

[1] Plaintiffs Etienne and Moise additionally allege that Defendant retaliated against them and terminated their employment after they complained of discrimination.

From the commencement of this action to the present, Plaintiff Guerrier has been an active member of the United States Marine Corp.  When this lawsuit began, he was stationed in Japan; he was recently transferred and is now serving in Iraq.

On December 19, 2003, the Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C. §§ 501 *et seq.*, was enacted as a recodification of the Soldiers' and Sailors' Civil Relief Act of 1940.  The purposes of the SCRA are to "strengthen and expedite the national defense" by enabling servicemembers "to devote their entire energy to the defense needs of the Nation" and to "provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 App. U.S.C. § 502(1) and (2).  Section 522(a) and (b) provides as follows:

> (a)  Applicability of section;
>
> This section applies to any civil action or proceeding . . . in which the plaintiff or defendant at the time of filing an application under this section –
>
>   (1) is in the military service or is within 90 days after termination of or release from military service; and
>
>   (2) has received notice of the action or proceeding.
>
> (b) Stay of proceedings
>
>   (1) Authority for stay
>
> At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.
>
>   (2) Conditions for stay

>An application for a stay under paragraph (1) shall include the following:
>
>(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
>(B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.[2]

50 App. U.S.C. § 522(a) and (b).

Plaintiff Guerrier, however, has not applied for a stay of his claims under the SCRA. Indeed, it appears that Guerrier objects to such a stay. See Response, ¶ 16 (DE 34).[3]

---

[2] Section 522(d)(1) provides for an additional stay:

>A servicemember who is granted a stay of a civil action or proceeding under subsection (b) may apply for an additional stay based on continuing material affect of military duty on the servicemember's ability to appear. Such an application may be made by the servicemember at the time of the initial application under subsection (b) or when it appears that the servicemember is unavailable to prosecute or defend the action. The same information required under subsection (b)(2) shall be included in an application under this subsection.

[3] Plaintiff Guerrier states: "If the Corporate Defendant does move to sever Private GUERRIER'S claim from that of the other two Plaintiff[s], the undersigned would object. . . . Further, it is Private GUERRIER's position that the Defendant should have the burden of proving a need to sever his claim and/or to delay the resolution of his claim." Although Plaintiff Guerrier objects to a stay and a severance of his claims, he also states that "[t]here is no affirmative obligation on Private GUERRIER to show why he is not deserving of the protections of the [SCRA]," and that he "should not be subjected to the [instant] Motion. . . . Deference during wartime to the military member 'is of even more importance than in time of peace.'" Response, ¶¶ 16, 17 (DE 34) (quoting Hearings and Memoranda before Senate Judiciary Committee on S. 2859 and H.R. 6361, 65th Cong. 1st and 2d Sess, pp. 2-3.).  But Plaintiff Guerrier cannot object to the application of the SCRA as it relates to the litigation of his claims and at the same time attempt to invoke its protections as it relates to the instant Motion.

3

Because Plaintiff has not moved for relief under the SCRA and because Plaintiff has not provided any evidence that he cannot obtain leave, Defendant now moves the Court to compel Plaintiff to appear in person for his deposition in Florida. Defendant argues that "[a]s a Plaintiff who voluntarily chose to bring forth litigation, the Plaintiff, LIROY GUERRIER has an obligation to comply with the Court's deadlines and the Rules of Civil Procedure." Motion, ¶ 17 (DE 28).

Plaintiff's counsel represents that he has been in contact with Private Guerrier's commanding officer (by both telephone and e-mail) and has been informed that Plaintiff may be deposed telephonically, although no court reporter would be available in Iraq. Plaintiff's counsel has agreed to travel to a location of Defendant's choice to be present at the same speaker phone for the deposition. Defendant, however, argues that a telephonic deposition would be inadequate. It states that it believes that Plaintiff Guerrier, has a pronounced Haitian accent, making his English difficult to understand. According to Defendant, therefore, an interpreter will be needed for the deposition. Moreover, Defendant's counsel will need to present documents to Plaintiff during the deposition.

The Court appreciates Plaintiff Guerrier and all the other men and women who serve in the military to protect our Country, and the Court recognizes the difficulty of prosecuting this action during Guerrier's service in Iraq. But as Plaintiff Guerrier has elected not to seek a stay under the SCRA, he is obligated to participate in the discovery process so that Defendant may defend itself against Plaintiff's claims. Accordingly, it is hereby ORDERED that if Plaintiff Guerrier is able to obtain leave to appear for deposition in person within the next 30 days, he shall immediately notify Defendant's counsel and

arrange a mutually convenient date and time for his deposition.  If Plaintiff Guerrier is unable to obtain leave, Plaintiff's counsel (after conferring with Defendant's counsel as to dates) shall arrange (with Plaintiff Guerrier's commanding officer or other responsible person) for a telephonic deposition.  The deposition shall take place no later than July 27, 2009, if possible.[4]  Due to the unavailability of any court reporter in Iraq, the Court will permit the court reporter (and an interpreter, if necessary) to be present at the same location as Defendant's and Plaintiff's counsel.   Prior to the deposition, Defendant's counsel shall provide Plaintiff Guerrier with any documents that he intends to use during the deposition.[5]

Defendant requests that if the Court orders a telephonic deposition it require Plaintiff Guerrier to bear the cost of coordinating the deposition.  Were the deposition to be taken here, Defendant would be responsible for the costs of taking the deposition, including court reporter and/or interpreter fees.  However, because Plaintiff Guerrier was already in the military (in Japan) when he instituted his claims against Defendant and because he has chosen not to stay his claims under the SCRA, the Court agrees that it would be equitable for Plaintiff Guerrier to bear the cost of coordinating the deposition and any telephone charges.  The Court, therefore, ORDERS that Plaintiff Guerrier shall bear these costs, and that Defendant shall bear all other costs of the deposition.

Defendant also moves the Court to compel Plaintiff Guerrier to respond to its

---

[4]  Plaintiff's counsel has represented that a telephonic deposition could take place with perhaps no more than a week's advance notice.

[5]  Due to the time constraints, the Court suggests that these documents be e-mailed or faxed to him, if possible.

Interrogatories and Requests for Production served on or about May 18, 2009. In his Response to the instant Motion, Neither Plaintiff Guerrier nor his counsel has attempted to explain why he has failed to respond to Defendant's written discovery requests. Accordingly, on or before July 27, 2009, Plaintiff Guerrier shall provide responses to Defendant's Interrogatories and Requests for Production without asserting objections other than those based on a privilege.

Defendant also requests that sanctions be imposed against Plaintiff Guerrier. Because of the circumstances presented, the Court declines to award sanctions.

As a final matter, the Court notes that if it appears that Defendant is prejudiced by a telephonic deposition of Plaintiff Guerrier or if Plaintiff Guerrier is otherwise unable to participate in discovery due to his military service, the SCRA permits the Court on its own motion to stay his claims. See 50 App. U.S.C. § 522(b)(1).

DONE AND ORDERED in Fort Lauderdale, Florida, this 9th day of July 2009.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record