UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CV-61682-COHN/Seltzer

LOIGIS ETIENNE, JEAN PATRICK
MOISE, and LIROY GUERRIER,

    Plaintiffs,

vs.

HANG TOUGH, INC., d/b/a
POMPANO HONDA, a Florida
corporation

    Defendant.
_____/

**ORDER GRANTING MOTION TO SEVER, GRANTING MOTION TO PERMIT LATE FILING OF OPPOSITION, DENYING IMPLIED REQUEST FOR CONTINUANCE AS TO PLAINTIFFS ETIENNE AND MOISE, GRANTING CONTINUANCE AS TO PLAINTIFF GUERRIER**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Sever Private Liroy Guerrier's Trial from that of Plaintiffs Etienne and Moise [DE 48/49] and Defendant's Motion to Permit Late Filing [DE 51]. The Court has carefully considered the motions is otherwise duly advised in the premises.[1]

Plaintiff Liroy Guerrier ("Plaintiff"), along with Loigis Etienne and Jean Patrick Moise, commenced this action by filing a Complaint [DE 1] on October 20, 2008. Plaintiffs allege that Defendant Hang Tough, Inc., d/b/a Pompano Honda ("Defendant") engaged in a pattern of unlawful discriminatory conduct and harassment based on their

---

[1] Plaintiff did not file an opposition to Defendant's motion to permit late filing, nor a reply in support of its motion to sever. The last deadline for filing a response passed on November 30, 2009.

1

race, ancestry and/or ethnicity in violation of 42 U.S.C. §1981.  The parties have engaged in some discovery, though Plaintiff Liroy Guerrier has not complied with all discovery requests.

On September 15, 2009, this Court granted Plaintiff's motion to stay based upon Plaintiff Guerrier's status as an active member of the armed forces of the United States and the Soldiers and Sailors Civil Relief Act [DE 47].  At that time, Plaintiffs sought to delay the entire trial until Mr. Guerrier's return to the United States, without opposition by Defendant (as long as deadlines were imposed for Mr. Guerrier to respond to discovery requests and sit for his deposition prior to trial).  At that time, Plaintiff's counsel had been informed that Private Guerrier would return to the United States in the December/January period.  Thus, the Court reset the trial for the trial period commencing January 11, 2010.

Plaintiff now reports that Private Guerrier's military status has changed and he is now not scheduled to return to the United States until mid-June of 2010.  Plaintiff thus moves to sever Guerrier's claims from the other two Plaintiffs.  Despite the schedule already set by this Court, Plaintiff seeks a new trial date for the other two Plaintiffs in "early-winter 2010 to early-spring 2010."

Defendant moved without opposition to allow the filing of a late opposition to the motion for severance.  Defendant argues that it would be prejudiced by having to defend two trials in this case.  The Court concludes that Defendant has not shown sufficient prejudice if the Court severed out the Plaintiff who is protected by the Soldiers and Sailors Civil Relief  Act and proceeded on schedule with the remaining two

Case 0:08-cv-61682-JIC   Document 52   Entered on FLSD Docket 12/01/2009   Page 3 of 4

Plaintiffs. Private Guerrier is not in control of when he can return to the United States. The other Plaintiffs do have a right to have their case concluded.

With regard to Plaintiff's implied request to reset the trial for Plaintiffs Etienne and Moise, no justification for such a continuance is present in the request. The parties have had over 75 days notice to date of the early January trial setting.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Sever Private Liroy Guerrier's Trial from that of Plaintiffs Etienne and Moise [DE 48/49] is hereby **GRANTED**;

2. Defendant's Motion to Permit Late Filing [DE 51] is hereby **GRANTED**;

3. **The trial in this case previously set for the two week trial period commencing January 11, 2010, with Calendar Call reset for Thursday, January 7, 2009 at 9:00am remains as scheduled** as to Plaintiffs Etienne and Moise. See Order at docket entry 47 (motions in limine due by December 23, 2009; joint pretrial stipulation due by January 4, 2010);

4. Within seven days of Mr. Guerrier's return to the United States, counsel for Mr. Guerrier shall file a notice with the Court of indicating the date of his return, and including a statement as to how long he will remain in South Florida before his next deployment, if any;

5. Within 12 days of his return to South Florida, Plaintiff shall respond to all outstanding discovery requests of Defendant;

6. Within 15 days of his return to South Florida, Plaintiff shall sit for his deposition at a time and place to be agreed upon by counsel of record in this case,

3

however, if no agreement is reached between counsel within three business days of the filing of Plaintiff's Notice of Return, Defendant has leave to set the deposition for a date and time within five to seven business days of the conclusion of the three day period;

7. Any motions in limine with regard to Plaintiff Guerrier shall be due by June 30, 2010, or within three business days of the completion of the deposition of Mr. Guerrier, whichever occurs last;

8. The Joint Pretrial Stipulation as to Plaintiff Guerrier's claims shall be due by July 9, 2010;

9. This case is reset for trial during the two week trial period commencing July 19, 2010, with Calendar Call reset for Thursday, July 15, 2009 at 9:00am.

**DONE AND ORDERED** in the Chambers of Fort Lauderdale, Broward County, Florida on this 1st day of December, 2009.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of Record